**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Timothy SULLIVAN, Defendant-Appellant.**

No. 17-15346

United States Court of Appeals, Ninth Circuit.

Submitted February 15, 2018 *

San Francisco, California

Filed February 22, 2018

Nancy M. Olson, Assistant U.S. Attorney, USLV—Office of the U.S. Attorney, Las Vegas, NV, Elizabeth Olson White, Esquire, Assistant U.S. Attorney, USRE—

Office of the US Attorney-Reno, Reno, NV, for Plaintiff-Appellee

Richard F. Cornell, Esquire, Attorney, Law Office of Richard F. Cornell, Reno, NV, for Defendant-Appellant

Before: HAWKINS and TALLMAN, Circuit Judges, and MURPHY,** District Judge.

MEMORANDUM ***

Defendant Timothy Sullivan appeals his misdemeanor conviction for violating a federal Bureau of Land Management (BLM) temporary closure order by driving without a license as the order required. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The 2015 "Burning Man" arts festival on Nevada's Black Rock Desert playa anticipated approximately 70,000 paid participants. The BLM manages Nevada's Black Rock Desert,[1] and it properly implemented a temporary closure order (the "Closure Order") on the playa from August 10, 2015 to September 21, 2015. *See* 43 C.F.R. 13 § 8364.1(a); 43 U.S.C. § 1701. The Closure Order provided that an individual operating a motor vehicle "must possess a valid driver's license," and that noncompliance could result in penalties. *See* 43 C.F.R. § 8364.1(d).

Around 10:00 p.m. on August 26, 2015, BLM Ranger Keith McGrath pulled Sullivan over on the entrance road to Burning Man because his rear lights were inoperative. Sullivan admits he did not have a driver's license and McGrath cited Sullivan for violating 43 C.F.R. § 8364.1(d).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. *See* Nevada National Conservation Lands, https://www.blm.gov/programs/national-conservation-lands/nevada (last visited December 21, 2017).

A magistrate judge found Sullivan guilty of the offense after a bench trial, and imposed a $100 fine and a $25 filing fee. The district court affirmed the magistrate judge's sentence and denied Sullivan's motion for reconsideration. On appeal, Sullivan argues that the evidence was insufficient to uphold his misdemeanor conviction.

The district court correctly found that the BLM had the authority to require a valid driver's license to operate a motor vehicle. *See* 43 C.F.R. 13 § 8364.1(a). Based on the evidence presented, a rational trier of fact could find beyond a reasonable doubt that Sullivan violated the Closure Order. *See United States v. Kaplan,* 836 F.3d 1199, 1211 (9th Cir. 2016). The Closure Order prohibited driving without a license and Sullivan admitted to driving without one. Sufficient evidence existed to support Sullivan's misdemeanor conviction. *Id.*

Sullivan maintains, however, that the BLM lacked authority to require a valid driver's license when state law allegedly would not require it. The argument fails for several reasons. First, the plain language of the Closure Order required any person operating a motor vehicle to possess a valid driver's license without reference to any state law. Second, Sullivan presents no authority suggesting that the BLM lacked the authority to regulate land within its jurisdiction. Third, this case involves a prosecution in federal court under a federal regulation. It is thus irrelevant, as Sullivan avers, that if the case were "prosecuted in state court under the relevant state statute, relative to driving on the precise area of the Black Rock playa," the charge would be dismissed.

Finally, Sullivan argues that the Closure Order violates the Assimilated Crimes Act ("ACA"), 18 U.S.C. § 13, and other BLM regulations. The ACA does not apply. The ACA fills gaps in federal law. Here, no gap exists in the federal regulation requiring that motorists possess a valid driver's license on the Desert Rock playa during Burning Man. Nevada law did not apply, and McGrath did not enforce Nevada law when issuing Sullivan a citation. Neither does 43 C.F.R. § 8365.1-7(a) provide relief. Section 8365.1-7(a) provides that state law shall apply and be enforced by state authorities except as provided by federal law or regulation. Again, McGrath enforced a federal regulation, not state law. Sullivan's reliance on 43 C.F.R. § 8341.1(e) is also misguided. The regulation requires a person operating a vehicle off-road on public lands to have a valid state operator's license pursuant to state *or federal* law. Here, the controlling federal regulation required Sullivan to possess a valid driver's license when operating a motor vehicle.

**AFFIRMED.**